UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDEEP SING,

              Petitioner,

v.

KRISTI NOEM, et al.,

              Respondents.

No. 1:26-cv-01272-DJC-AC

<u>ORDER</u>

Petitioner Amandeep Sing is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1).  The Court has previously addressed the legal issues raised in Count 2 of the Petition.  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, 2025 WL 3124116, No. 2:25-cv-03174-DJC-CKD (E.D. Cal. Nov. 7, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 2 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 5.)  Respondents conceded that "there appears to be no substantive distinction" between this case and the cases cited above.  (ECF No. 8 at 1.)

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Petitioner Amandeep Sing from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **February 19, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2